| 10 | 771 |
|----|-----|
| 48 | 885 |

### CITY OF NEW ORLEANS *v.* HEIRS OF SCHMIDT.

By the Act of 1852, sec. 35, relating to the collection of taxes in New Orleans, the publication in a newspaper has the effect of a citation duly served, and it should be subject to the same rules as the citation, of which it is the equivalent.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J.
*Labatt & Eustis*, for plaintiff.   *Schmidt*, for defendants

BUCHANAN, J.   The plaintiff having recovered judgment for a sum of over three hundred dollars, for taxes of the year 1852, upon a default entered up upon a newspaper notice, as authorized by the Consolidation Act of 1852, p. 52, sec. 35, with privilege upon certain property situated in Royal street, belonging to the heirs of Mrs. *Melanie Seghers*, the deceased wife of *Gustavus Schmidt*, the latter have appealed, and assign for error apparent upon the face of the record, among other matters, that there has been no sufficient legal citation.

The citation, according to the provisions of the Act of the Legislature just mentioned, was an advertisement in the official newspaper of the City Council, calling upon defaulting tax-payers to appear within fifteen days in the court in which the tax bills due by them were deposited.   In the advertisement in question, the only designation of the defendants is, "The Heirs of *Schmidt*."   This is clearly insufficient.   *Schmidt* is one of the most common names among our population, as the Directory and the bills of mortality, to which we have been referred, abundantly testify.   The Legislature have thought fit to give the publication in a newspaper the force and effect of a citation duly served, in order to facilitate the collection of the city taxes; but it surely did not intend to give it a greater effect than a citation.   It is but reasonable to subject it to the same rules as the citation, of which the statute has made it the equivalent.   Now a citation addressed to *Smith*, or *Schmidt*, would designate no person, male or female, of that numerous patronymic, now in existence ; neither would a citation to the heirs of *Smith*, indicate from which of the *Smiths*, deceased, the parties cited had inherited.   It is obvious that a judgment by default, based upon a citation so utterly vague, at least in the absence of personal service, would be reversed on appeal.   Appearance and a joinder of issue, could alone cure this defect in the proceedings.   In the present case, there was no appearance ; but a judgment by default having been rendered, and a final decree entered up, in the same vague terms as the citation, notice of that judgment was served upon Mr. *Gustavus Schmidt*, the appellant.

The assignment of error is well taken.

It is therefore adjudged and decreed, that the judgment of the District Court be reversed and that this suit be dismissed, the plaintiff and appellee to pay costs in both courts.